IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SONIA N. RIOS-SANCHEZ<br>Plaintiff<br>vs<br>ISLAND SECURITY SERVICES, INC.<br>CORPORACION DEL FONDO DEL<br>SEGURO DEL ESTADO<br>REYMUNDO MERCADO, in his individual capacity<br>ABC INSURANCE CO.<br>Defendants | CIVIL 04-2432CCC |

# O R D E R

Having considered the Motion to Dismiss filed by defendants Corporación Fondo del Seguro del Estado (SIF) and Reymundo Mercado in his official capacity filed February 7, 2005 **(docket entry 9)** and plaintiff's opposition **(docket entry 14)**, the same is DENIED as to the State Insurance Fund and MOOT as to Mercado who was not sued in his official capacity.[1] Plaintiff refers to the right-to-sue notice at page two, ¶¶3 and 4.

The Special Appearance on Behalf of Defendant who has not been Served with Summons and a Copy of the Complaint filed by Reymundo Mercado in his personal capacity on February 2, 2005 **(docket entry 8)**, which remains unopposed, is GRANTED. The action against Mercado is DISMISSED. Partial Judgment will be entered as to this defendant.

Island Security Services, Inc.'s Motion Requesting Partial Dismissal of plaintiff's tort claim filed pursuant to Article 1802 of the Civil Code of Puerto Rico, filed on February 8, 2005, **(docket entry 11)**, which is unopposed, alleges that this claim is time-barred because the last act of discrimination alleged in the complaint occurred on February 12, 2002 and this suit was not until December 24, 2004, and is therefore time-barred. Defendant's contention that the plaintiff's charge filed with the Puerto Rico Anti-Discrimination Unit (ADU) did not interrupt

---

[1] With regard to defendants' contention about failure to translate attachments, none were filed with the complaint as they allege.

CIVIL 04-2432CCC                                          2

the prescriptive period of one year. The Supreme Court of Puerto Rico has held that the filing of an administrative claim with the ADU will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint. <u>Matos Ortiz v. Commonwealth of Puerto Rico</u>, 103 F.Supp. 2d 59, 63-64 (D.Puerto Rico, 2000). Plaintiff has not alleged any extra judicial claim which would have tolled the statute of limitations. Accordingly, the Motion Requesting Partial Dismissal **(docket entry 11)** is GRANTED and Partial Judgment will be entered dismissing the tort claim against Island Security Services, Inc.

      SO ORDERED.

      At San Juan, Puerto Rico, on June 13, 2005.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge